**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA**,

Plaintiff,

v.

**JAVIER SIVERIO-ECHEVARRIA (2),**

Defendant.

Crim. No. 16-766 (DRD/BJM)

## OPINION AND ORDER

Before the Court is defendant Javier Siverio-Echevarria's ("Siverio-Echevarria") second motion requesting a modification of the conditions of bail release and removal of Siverio-Echevarria's electronic monitoring device. (Docket No. 31 and 151.) On February 22, 2017, Magistrate Judge Bruce J. McGiverin held a detention hearing where he agreed to release Siverio-Echevarria and imposed bail in the amount of $20,000 of which $10,000 is secured and $10,000 is unsecured, and required drug testing and treatment, mental health treatment, home detention with electronic monitoring, plus standard conditions of release. (Docket No. 23.) On February 25, 2017, Siverio-Echevarria filed a *Motion to Modify Conditions of Bail Release* requesting a re-opening of his bail hearing, and a modification of the bail secured portion from $10,000 to $2,000 (Docket No. 31.) At the bail review hearing held on March 6, 2017, Magistrate Judge Bruce J. McGiverin ordered that the conditions of release remain the same. (Docket No. 62.) Seven months later, on October 16, 2017, Siverio-Echevarria filed a *Second Motion to Modify Conditions of Bail Release* requesting this Court to modify the conditions of bail release and remove his electronic monitoring device. (Docket No. 151.)

Defendant Siverio-Echevarria argues that he is the only defendant in the indictment who currently has an electronic monitoring device. (Docket No. 151 at 1.) Additionally, Defendant Siverio-Echevarria

alleges he has complied with Court imposed conditions. (Id.) Further, he alleges that on August 1, 2017, the Court dismissed five aggravated identity theft charges, thus decreasing his potential exposure to prison by 10 years, which is a significant change of circumstance that militates towards granting his request. (Id. at 2) Lastly, the defendant denies the allegations set forth by the government at the bail hearing that he threatened another defendant with a weapon. (Id.)

In deciding whether defendant Siverio-Echevarria is eligible for bail as he awaits trial, the Court follows the standard articulated in The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.,* at section 3142(e), which governs the rules for detention of a defendant before trial. Relevant section 3142(e) reads in part:

> "(1) [I]f, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."

Moreover, section 3142(f) reads as follows:

> "**The hearing may be reopened**, before or after a determination by the judicial officer, at any time before trial **if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community**."

Finally, according to section 3142(g), the Court must take into account the following factors to determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community": (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Defendant Siverio-Echevarria's request that the Court modify the conditions of bail release is based on circumstances that developed *after* the magistrate judge held the detention hearing imposing bail. Defendant requests that this Court "modify the conditions of bail release and remove Siverio-Echevarria's

electronic monitoring device as it is unwarranted and unnecessarily burdensome **at this time**." (Docket No. 151 at 2-3)(emphasis added.) At no point in Defendant's motion does he present new information "that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community" pursuant to the standard set forth in section 3142(f) for a reopening of the bail hearing. (*See* Docket No. 151.)

Moreover, the other arguments Defendant Siverio-Echevarria's presented requesting this Court to modify bail conditions, also do not present new information that was unknown to him at the time of the bail hearing. For example, the fact that Siverio-Echevarria is the only co-defendant in the Indictment that has an electronic monitoring device does not meet the threshold standard for reopening a bail hearing because this condition was imposed to him after considering his specific dangerousness to the community. That is that the court took into consideration that there was a proffer to the effect that he threatened a co-defendant with a weapon. The Court reminds Defendant that the Court is authorized to receive proffers at hearings in bail cases. U.S. v. Tortora, 922 F.2d 880, 893 (1st Cir. 1990)(*citing* 18 U.S.C.A. § 3142(f) for statement that a person is afforded an opportunity to present information by proffer at bail hearings.)

Additionally, the Court's dismissal of five aggravated identity theft charges that consequently decreases Siverio-Echevarria's potential term exposure to prison does not present new information that was *not known to him at the time of the bail hearing*. Notably, also, the dismissal of certain theft charges does not affect the fact that Siverio-Echevarria continues to be a danger to the community. In this regard, the factors set forth in section 3142(c), which were considered by the magistrate judge during both bail hearings, regarding the defendant's dangerousness to the community remain the same. The defendant Siverio-Echevarria has: (1) a substance abuse history, (2) an anger and outburst history, (3) threatened a co-defendant with a firearm (Docket No. 155, Exhibit 1), and (4) has been charged with an offence that involves

falsehood and dishonesty. Accordingly, the Defendant's *Motion to Modify Conditions of Bail Release* is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of January, 2018.

*s/ Daniel R. Dominguez*
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE